IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JACQUELINE D. TYNES,                                                            Plaintiff,

v.                                                               Civil Action No.: 4:12-CV-00190

FOOD LION, LLC t/a BOTTOM DOLLAR,                           Defendant.

### BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

COMES NOW Defendant, Food Lion, LLC t/a Bottom Dollar, by counsel, and respectfully submits its Brief in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint based upon the following:

### FACTS

1. Plaintiff filed her Complaint herein in the Circuit Court for the City of Newport News on or about November 8, 2012, alleging that on November 22, 2010, she was injured on the premises of the Defendant Food Lion, LLC transacting as Bottom Dollar located in the City of Newport News, Virginia. Plaintiff's *ad damnum* clause is indicated in the amount of $225,000.00. A true and accurate copy of Plaintiff's Complaint is attached hereto as Defendant's Exhibit 1 and is specifically incorporated herein by reference.

2. On December 18, 2012, the Defendant Food Lion, LLC filed their Notice of Removal in the United States District Court for the Eastern District of Virginia, Newport News Division.

3. On December 26, 2012, the Defendant Food Lion, LLC served Defendant's First Set of Interrogatories to Plaintiff and Defendant's First Request for Production of Documents to

1

Plaintiff upon the Plaintiff. True and accurate copies of Defendant's First of Interrogatories to Plaintiff and Defendant's First Request for Production of Documents to Plaintiff are attached hereto collectively as Defendant's Exhibit 2 and are specifically incorporated herein by reference.

4. On January 8, 2013, Plaintiff served her Objection to Defendant's First Set of Interrogatories to Plaintiff and her Objection to Defendant's First Request for Production to Plaintiff upon the Defendant. True and accurate copies of Plaintiff's Objection to Defendant's First Set of Interrogatories to Plaintiff and Plaintiff's Objection to Defendant's First Request for Production to Plaintiff are attached hereto collectively as Defendant's Exhibit 3, and are specifically incorporated herein by reference.

5. On January 18, 2012, Plaintiff filed her Motion for Leave to File an Amended Complaint and her Brief in Support of Motion for Leave to File an Amended Complaint requesting that she be allowed to increase the *ad damnum* amount contained in her original Complaint.

6. Plaintiff attached her proposed Amended Complaint as an Exhibit to her Brief in Support of Motion for Leave to File an Amended Complaint, previously filed.

7. As of January 28, 2013, the Defendant Food Lion, LLC has not been served with any of Plaintiff's Answers to Defendant's First Set of Interrogatories to the Plaintiff or any of Plaintiff's Responses to Defendant's First Request for Production of Documents to Plaintiff.

8. Trial in this matter has been set for July 9, 2013, at 10:00 A.M.

## ARGUMENT

### A. STANDARD

The Federal Rules of Civil Procedure Rule state that, "…a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely given leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2).

The standard for granting leave to amend a civil complaint is very liberal. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Sweetheart Plastics, Inc., v. Detroit Forming, Inc., 743 F.2d 1039, 1043 (4th Cir. 1984) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962)).

In the present case, the Defendant has not given its written consent to allow the Plaintiff to file an Amended Complaint and justice does not require leave be granted to the Plaintiff to file an Amended Complaint.

### B. LACK OF GOOD CAUSE AND UNDUE DELAY

Plaintiff asserts in her Brief in Support, that the Plaintiff has only recently received a notice from the worker's compensation carrier that her medical bills and lost wages are in excess of $90,000.00. See Plaintiff's Brief in Support of Motion for Leave to File an Amended Complaint, previously filed. Nothing in Plaintiff's Brief in Support indicates that Plaintiff was

3

unaware of the amount of her medical bills and alleged lost wages at the time of her filing her original Complaint on November 8, 2012.

Furthermore, the Plaintiff has yet to respond to the Defendant's outstanding Discovery requests. As such, the Defendant cannot properly defend the present motion as it is unclear as to what alleged damages the Plaintiff is claiming and when she became aware of the amount of her alleged damages.

### C. PREJUDICE TO DEFENDANT

In Plaintiff's Brief in Support of Motion for Leave to File an Amended Complaint, Plaintiff asserts that an increase in the ad damnum is appropriate due to the Plaintiff receiving notice of an asserted lien pursuant to the Virginia Worker's Compensation Act. Plaintiff fails to assert any other grounds to warrant the additional amendments contained in her proposed Amended Complaint. See Amended Complaint as an Exhibit to Plaintiff's Brief in Support of Motion for Leave to File an Amended Complaint, previously filed. According to paragraph 10 of the proposed Amended Complaint, Plaintiff specifically alleges that "The defendant was negligent in that it created a dangerous and slippery condition…". Id. This allegation was not contained in the original Complaint filed by the Plaintiff.

The inclusion of the aforementioned additional allegation in an Amended Complaint, if allowed, will prejudice the Defendant, in that the Defendant will be required to incur additional costs to respond to and defend this new allegation.

WHEREFORE, based upon the foregoing, the Defendant herein respectfully requests this Court to deny Plaintiff's Motion for Leave to File an Amended Complaint.

Respectfully submitted,

FOOD LION, LLC t/a BOTTOM DOLLAR

BY: \_\_\_\_/s/_____
 Of counsel

Warren H. Britt, Esquire (VSB #26378)
Anne C. Byrne, Esquire (VSB #43900)
Ankur K. Patel, Esquire (VSB #73300)
BRITT & BYRNE, PLLC
10800 Midlothian Turnpike, Suite 105
Richmond, Virginia 23235
wbritt@whbpc.com
Phone: (804) 378-6067
FAX: (804) 378-4084

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2013, I will electronically file the foregoing *Brief in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Timothy H. Hankins, Esquire
TIMOTHY H. HANKINS & ASSOCIATES
306 Main Street
Newport News, Virginia 23601
Phone: (757) 595-4000
FAX: (757) 591-8102
Counsel for Plaintiff
thhtrials@aol.com

S. Lawrence Dumville, Esquire
NORRIS & ST. CLAIR, P.C.
2840 South Lynnhaven Road
Virginia Beach, Virginia 23452
Phone: (757) 498-7700
FAX: (757) 498-7744
ldumville@norrisstclair.com

6

                                  /s/
Ankur K. Patel, Esquire
Virginia State Bar No.: 73300
Attorney for Defendant
BRITT & BYRNE, PLLC
10800 Midlothian Turnpike, Suite 105
Richmond, Virginia 23235
Phone: (804) 378-6067
FAX: (804) 378-4084
apatel@whbpc.com