**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

JACQUELINE D. TYNES,

       Plaintiff,

v.                                  ACTION NO. 4:12-cv-00190

FOOD LION, LLC,
t/a Bottom Dollar,

       Defendant.

## OPINION AND ORDER

Jacqueline D. Tynes, Plaintiff, filed a Motion for Leave to File an Amended Complaint against Food Lion, LLC t/a Bottom Dollar, Defendant. ECF No. 7. Defendant opposes this motion and filed a Memorandum in Opposition of the Motion for Leave to File an Amended Complaint. ECF No. 12. After considering the parties' arguments, as well as applicable law, and for the reasons stated herein, the Court GRANTS Plaintiff's Motion for Leave to File an Amended Complaint.

## I.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed the Motion for Leave to File an Amended Complaint on January 18, 2013, seeking to amend her Complaint against Defendant to, in addition to rewording the Complaint, increase the ad damnum from $225,000 to $750,000. ECF No. 7. The Rule 16(b) Scheduling Conference was held on January 24, 2013. Defendant filed a brief in opposition to the Motion on January 29, 2013. ECF No. 12. Plaintiff filed a rebuttal brief in support of the Motion on January 30, 2013. ECF No. 13. Plaintiff filed a Request for Hearing on this matter on February 13, 2012. ECF No. 14. A jury trial is currently scheduled for July 9, 2013. ECF No. 11.

In her original Complaint, Plaintiff argues that Defendant failed to exercise reasonable care by allowing the floor of Defendant's premises to become and remain wet, and then failed to warn customers, including Plaintiff, about the slippery floor. Compl. ¶ 3, ECF No. 1-1. Plaintiff further alleges that as a direct result of Defendant's negligence, she slipped, fell and sustained significant injuries. *Id.* at ¶ 4. In the original ad damnum, Plaintiff sought a judgment of $225,000 with an interest rate of 6% and the costs of the proceeding. *Id.*

In Plaintiff's brief in support of the Motion, Plaintiff argues that she has good cause to amend the ad damnum amount contained in the original Complaint. ECF No. 8. Plaintiff asserts that she recently received a notice from the worker's compensation carrier that her medical bills and lost wages are in excess of $90,000, and that the compensation carrier is asserting a lien pursuant to the Virginia Worker's Compensation Act. *Id.* Based on the notice she received, Plaintiff's proposed Amended Complaint seeks a judgment of $750,000, with interest as may be fixed from November 22, 2010, and her costs in the proceeding. Am. Compl. ¶ 12, ECF No. 8-1. Plaintiff argues that she has not substantially changed the theories of liability and has stated good cause for the amendment, which is not prejudicial to Defendant. ECF No. 8 at 2.

Defendant counters that Plaintiff has failed to demonstrate good cause to allow for an amended complaint. ECF No. 12. Additionally, Defendant argues that Plaintiff has asserted a new allegation in Paragraph 10 of the proposed Amended Complaint, which will require Defendant to incur additional costs to respond to and defend the new allegation. ECF No. 12 at 4. Defendant argues that this amendment would therefore prejudice Defendant. *Id.*

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading as a matter of right within 21 days after serving it or, if the pleading requires a responsive pleading, a

party may, as a matter of right, amend its pleading within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). If a party seeks to amend the pleading in any other case, it may do so only "with the opposing party's written consent or the court's leave, [however] the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As Defendant notes in its brief in opposition, the standard by which the court grants leave to amend a complaint is very liberal. This liberal rule reflects the policy preference of "resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Supreme Court has held that "this liberal mandate is to be heeded" to ensure that the plaintiff has the opportunity to test his claim on its merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The court may deny a motion for leave to amend a complaint for reasons including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. Although almost every amendment may result in some prejudice to the party opposing the amended complaint, courts consider whether the party would suffer from "undue prejudice." *Smithfield Foods Inc. v. United Food and Commercial Workers Int'l Union*, 254 F.R.D. 274, 277 (E.D. Va. 2008).

A court may find undue prejudice if the amendment would require the opponent "to engage in significant new preparation," or if the amendment results in "added expense and the burden of a more complicated and lengthy trial." *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir.1997). The further the case has progressed or if the moving party is acting in bad faith, the more likely it is that the court will find prejudice from a proposed amendment. *Laber v. Harvey*,

438 F.3d 404, 427 (4th Cir.2006). A party may also be prejudiced if the amendment is proposed close to trial and the "proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). The court will consider undue prejudice to Defendant below.

### III.    ANALYSIS

Plaintiff seeks to amend the original ad damnum by increasing the judgment sought from $225,000 to $750,000. The ad damnum clause is only an estimate of the relief to which the plaintiff is entitled, and "the [p]laintiff is not restricted or bound by the relief requested." *Gillespie v. Brewer*, 602 F.Supp. 218, 223 (N.D.W.Va.1985). Furthermore, "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed. R. Civ. Pro. 54(c).

The Motion for Leave to File an Amended Complaint has been filed in a timely manner. The Motion has been proposed well in advance of trial, which is currently set for July 9, 2013. Plaintiff filed the Motion prior to submitting her discovery responses to Defendant, which are not due until February 19, 2013.  Defendant was also aware that Plaintiff had submitted the Motion prior to the Rule 16(b) Scheduling Conference held on January 24, 2013.

Defendant argues that Plaintiff included a new allegation in Paragraph 10 of the proposed Amended Complaint.  Paragraph 10 states "The defendant was negligent in that it created a dangerous and slippery condition which it had notice of and which the plaintiff was not warned or otherwise notified of its existence." Although Defendant argues that this assertion is a new allegation that will require Defendant to incur additional costs, Defendant gives no support for how Paragraph 10 will incur additional costs.

Paragraph 3 of Plaintiff's original complaint refers to Defendant's failure to "exercise reasonable care to protect Plaintiff by permitting the floor to become wet . . . and remain wet." Paragraph 3 further refers to "wet and slippery conditions" inside of Defendant's premises, and Defendant's failure to warn Plaintiff of the conditions. Paragraph 4 refers to "Defendant's negligence" as the cause of Plaintiff's injuries. In Paragraph 10 of the proposed Amended Complaint, Plaintiff again bases her right to recovery on the theory that Defendant was negligent, and more clearly establishes that Defendant had notice. Plaintiff has maintained a consistent theory of recovery in the proposed Amended Complaint. Defendant has failed to show how the inclusion of Paragraph 10 of the Amended Complaint, including the allegation that Defendant had notice, would result in prejudice to the Defendant, let alone undue prejudice.

## IV.    ORDER

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 7), and ORDERS Plaintiff to file the Amended Complaint by February 22, 2013. Plaintiff's Request for Hearing is DENIED.

The Clerk is DIRECTED to mail copies of this Opinion and Order to all counsel of record.

_____/s/_____<br>
Tommy E. Miller<br>
United States Magistrate Judge

Newport News, Virginia<br>
February 14, 2013